## Murphy v. City of Philadelphia

*Grubb, Guest & Littleton,* for petitioner.

*D. Berger,* City Solicitor, and *K. I. Schofield,* Assistant City Solicitor, contra.

SLOANE, J., August 11, 1958.—This is an action for refund of personal property tax paid by plaintiffs as executors of the estate of Sarah E. Kolb.

The city asserts lack of jurisdiction, but we think jurisdiction is ours under the Act of May 21, 1943, P. L. 349, as amended, 72 PS §5566b, 5566c (1957 Supp.). The city's objection is based on the misconception that plaintiffs have another remedy for refund and that this act was therefore not available to them. But the State Personal Property Tax Act of June 22, 1935, P. L. 414, as amended, 72 PS §3250-1, provides not a procedure for refund, but to contest an assessment. To apply this provision to preclude our jurisdic-

tion in the instant case would be erroneous for two reasons: First, there was no assessment here because the executors paid the tax on all the taxable securities when it fell due; second, the Act of May 21, 1943, P. L. 349, as amended, 72 PS §5566b (1957 Supp.), prevents the action it creates only if "the taxpayer . . . had or has available under any other statute, ordinance or resolution, a specific remedy . . . *for recovery of moneys paid . . .*" (Italics supplied). The procedure in the Act of June 22, 1935, P. L. 414, as amended, 72 PS §3250-1, is not to recover moneys paid, but to dispute payment.

Plaintiffs seek to bring themselves within the decision of the Supreme Court of Pennsylvania in Buhl's Estate, 300 Pa. 29. The city argues that the legislature in 1939 (Act of June 19, 1939, P. L. 413), overruled Buhl's Estate, but we see no need to reach that question here because, assuming the continuing validity of Buhl's Estate, plaintiffs fail to come within its protective embrace.

In Buhl's Estate, the residuary estate was bequeathed and devised to the Buhl Foundation, a charitable foundation. Prior to the imposition of the yearly personal property tax, the executors completed the entire distribution of the estate except for the residuary gift to charity. Without the orphans' court approval, the executors paid personal property taxes on the securities in the residue of the estate. The orphans' court refused to allow credit for these payments and the executors were surcharged. On appeal, the Supreme Court held the estate was entitled to a charitable exemption; the tax was erroneously paid; the surcharge was proper.

"It is clear, therefore, that it is a matter of indifference by whom the securities in the present estate were held. As, under the facts above stated, they were devoted to public charity, no matter in whose custody

they were temporarily, they were not for the benefit of the trustees themselves or for any other person, but were devoted to particular charitable purposes, are not within the purview of the statute, and the taxes on them were improperly paid": Buhl's Estate, supra, 300 Pa. at 35.

In the instant case, the gifts to charities are not by way of residue. They are specific pecuniary legacies to named charities. The will did not segregate certain securities to give to charities, and the executors have not set aside certain securities for these charities. Nor, we may add, has there been distribution, except distribution to charities. About no single security could it be said, in keeping with Buhl, that it has been "devoted to a public charity." Cf. Fidelity Trust Company v. United States, 253 F. 2d. 407. And plaintiffs do not claim that: "No person exists who can say that he has any legal or equitable claim to the property held in trust by the plaintiffs . . .": Buhl's Estate, supra, page 34. The residuary legatee has such a claim.

In plaintiffs' own statement of the question presented to the court, they make apparent the distinction between Buhl and the instant situation: ". . . is County Personal Property Tax payable based on the full amount of taxable property returned or *only on an amount proportional to the noncharitable gifts made by the will?*" (Italics supplied).

The easy identity in Buhl of the residue and the charitable foundation which was to receive it has no counterpart in the instant case. Therefore, the only authority upon which plaintiffs rely in claiming a right to an exemption fails to support their complaint.

We sustain defendant's preliminary objections 4 and 5 and dismiss the complaint.